**Leonardo Ramos LOPEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Rene Adolfo GUZMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 46635, 46636.**

Court of Criminal Appeals of Texas.

Oct. 24, 1973.

Rehearing Denied Nov. 21, 1973.

OPINION

———◆———

Florentino Ramirez, Jr. and Vincent W. Perini, Dallas, for Leonardo Lopez.

Frank A. Holbrook, Killeen, John J. Solon, Dallas, Pat McDowell (on appeal only) Dallas for Rene Adolfo Guzman.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim Vollers, State's Atty., Austin, for the State.

DAVIS, Commissioner.

These are appeals from convictions for the offense of murder after a change of venue from Dallas County. Appellants were tried jointly and punishment was assessed at death for each of them.

Trial took place in June, 1971. Judgments were entered on June 29, 1971.

The Supreme Court of the United States, on June 29, 1972, overruled the prior holdings of this and other courts in a per curiam opinion in Furman v. Georgia (death penalty assessed in murder conviction), 408 U.S. 238, 92 S.Ct. 2726, 33 L. Ed.2d 346 and in Branch v. Texas (death penalty assessed in rape conviction), 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, when it held that the imposition and carrying out of the death penalty in these cases constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. On the same day, the Supreme Court cited Furman v. Georgia, supra, in holding that the death penalty constitutes cruel and unusual punishment in a memorandum decision in Stewart v. Massachusetts, 408 U.S. 845, 92 S.Ct. 2845, 33 L.Ed.2d 744. Also on this same day, the Supreme Court, in memorandum opinions in 120 cases from 28 jurisdictions[1] (408 U.S. 932–941), ordered judgments vacated insofar as they left undisturbed the death penalties imposed, and remanded the cases to the jurisdictions from which they were appealed for further proceedings. Stewart v. Massachusetts, supra, was cited as authority for the court's action in each of these opinions. In light of Stewart v.

---

1. The following Texas cases (in addition to Branch v. Texas, supra), in which the death penalty had been imposed, were among the cases remanded by the Supreme Court on June 29, 1972: Wright v. Beto, 408 U.S. 934, 92 S.Ct. 2850, 33 L.Ed.2d 746; Smith v. Texas, 408 U.S. 934, 92 S.Ct. 2853, 33 L.Ed. 2d 748; Huffman v. Beto, 408 U.S. 936, 92 S.Ct. 2860, 33 L.Ed.2d 753; David v. Texas, 408 U.S. 937, 92 S.Ct. 2862, 33 L.Ed.2d 755; Thames v. Texas, 408 U.S. 937, 92 S.Ct. 2863, 33 L.Ed.2d 755; Tea v. Texas, 408 U.S. 937, 92 S.Ct. 2864, 33 L.Ed.2d 756; Morales v. Texas, 408 U.S. 938, 92 S.Ct. 2868, 33 L.Ed.2d 758; McKenzie v. Texas, 408 U.S. 938, 92 S.Ct. 2868, 33 L.Ed.2d 758; Curry v. Texas, 408 U.S. 939, 92 S.Ct. 2872, 33 L.Ed.2d 761; Stanley v. Texas, 408 U.S. 939, 92 S.Ct. 2875, 33 L.Ed.2d 762; Matthews v. Texas, 408 U.S. 940, 92 S.Ct. 2877, 33 L.Ed.2d 763.

Massachusetts, supra, and the 120 other memorandum opinions handed down by the Supreme Court on June 29, 1972, we find untenable any argument which urges that the holding in Furman v. Georgia, supra, and Branch v. Texas, supra, is applicable only to the facts in those two cases.

 While the per curiam opinion and the nine separate opinions filed by the Justices of the United States Supreme Court, in *Furman* and *Branch,* leave much to be desired from the standpoint of clarity, we find the inescapable conclusion to be that the holding in *Furman* and *Branch* rendered it impermissible under the Constitution of the United States to impose the death penalty under our then existing statutes.

We also note that reversible error was committed by the following argument by the prosecutor:

"I'm concerned about the open season that is coming on police officers. I believe the same week these officers were killed there were eleven killed in America."

Shortly after the foregoing argument, the State argued:

"Did you see when we arraigned the two defendants—arraigned Lopez, Guzman, asked them what their plea was? They said not guilty. You heard their lawyers say not guilty.

"Well lady and gentlemen of the jury, you know they were lying to you at that time."

The argument that eleven officers were killed the same week was not based on evidence in the trial. Patently, such evidence would not have been admissible had it been offered.

An argument that counsel and accused did not tell the truth when they entered pleas of not guilty constitutes an effort to deny an accused the presumption of innocence to which he is entitled. The entry of a plea to an indictment is not testimony before a jury under oath. Further, such argument strikes at the accused over the shoulders of his counsel. An argument attacking defense counsel in an effort to inflame the minds of the jury to the accused's prejudice can not be condoned. Crutcher v. State, Tex.Cr.App., 481 S.W.2d 113.

In holding that the court's instruction to disregard did not overcome the prejudice and harm caused by the prosecutor's arguments, we are not unmindful that the evidence reveals the senseless killing of three police officers, nor are we unaware of the fact that the sufficiency of the evidence to sustain the conviction is not challenged.

In view of our disposition of the foregoing grounds of error, appellants' other contentions will not be discussed.

For the reasons stated, the judgments are reversed and the causes are remanded.

Opinion approved by the Court.