**Angel L. MARTINEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00310–CR.**

Court of Appeals of Texas, San Antonio.

March 23, 1983.

Rehearing Denied April 29, 1983.

Discretionary Review Refused July 20, 1983.

Peggy Butler, David Chapman, San Antonio, for appellant.

Bill White, Dist. Atty., Alan Battaglia, Asst. Dist. Atty., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and TIJERINA, JJ.

OPINION

TIJERINA, Justice.

This is an appeal from a conviction for aggravated robbery. Appellant was found guilty by a jury and his sentence assessed at five years' confinement in the Texas Department of Corrections.

■ Appellant contends in his sole ground of error that the trial court erroneously denied his motion for mistrial, based on allegedly improper argument by the prosecutor at the guilt/innocence phase of the trial. The complained-of portion of the prosecutor's jury argument is as follows:

I told you earlier that this is an important decision. The verdict you reach must be one that you can be proud of. You don't want to turn him loose. I don't have to sit here and tell you that we have a problem with robbery in San Antonio. And in Bexar County, Texas. *Headlines on this morning paper, 'clerk shot in head.'* [Emphasis added.]

The record shows that appellant properly preserved his contention of error. Appellant's objection to the jury argument was sustained and the court instructed the jury to disregard the argument outside the record. Subsequently, appellant moved for a mistrial, alleging prejudice and harm. The trial court denied the motion.

■ Normally, an instruction to disregard will be sufficient to remove error, if any, in argument. *Curtis v. State,* 519 S.W.2d 883 (Tex.Cr.App.1975). The State concedes, however, that "[c]ounsel for the State would readily acknowledge the fact that the jury argument herein complained of is subject to strict scrutiny." The State contends the prosecutor's argument injecting new facts from outside the record was not manifestly inflammatory. The cases cited by the State, however, are distinguishable. In *Minjares v. State,* 577 S.W.2d 222 (Tex.Cr.App.1978), the appellant made no objection to the improper jury argument. In *Young v. State,* 547 S.W.2d 23 (Tex.Cr. App.1977), the prosecutor withdrew his

statement and the reviewing court found that the motion to disregard was sufficient.

*Jordan v. State,* 576 S.W.2d 825 (Tex.Cr. App.1978), supports appellant's assertion of error. In *Jordan* the prosecutor injected new evidence into the case during his closing arguments on the issue of punishment. The Court noted that the question to be determined was whether the new evidence was harmless beyond a reasonable doubt. The Court could not conclude that "the prosecutor's request to the jury to consider inadmissible evidence in determining punishment did not contribute to the punishment assessed," and thus reversed the conviction. In *Lopez v. State,* 500 S.W.2d 844 (Tex.Cr.App.1973), the defendants were charged with murder of police officers. The Court stated: "The [prosecutor's] argument that eleven officers were killed the same week was not based on evidence in the trial. Patently, such evidence would not have been admissible had it been offered." *Id.* at 846.

■ The general rule is that for a jury argument to constitute reversible error it must (1) be manifestly improper, harmful and prejudicial, or (2) be violative of a statute, or (3) inject new and harmful facts into the case. *Thomas v. State,* 621 S.W.2d 158, 164 (Tex.Cr.App.1981), and cases cited therein. Prosecutorial argument which is outside the record is improper, *Romo v. State,* 593 S.W.2d 690 (Tex.Cr.App.1980), however, even argument outside the record does not constitute reversible error unless the argument is extreme or manifestly improper or injects new harmful facts. *See Carter v. State,* 614 S.W.2d 821 (Tex.Cr. App.1981); *DeBolt v. State,* 604 S.W.2d 164 (Tex.Cr.App.1980).

■ In the instant case, the prosecutor's argument, "headlines on this morning paper, clerk shot in head," was not based on evidence in the trial and did not constitute admissible evidence under any theory. Unlike those cases relied on by the State wherein the defendant may have invited improper argument, or where the prosecutor referred to the accused, charged with marihuana possession, as a "dope dealer", or

where the argument was determined to be a fair deduction from the evidence, this case presents a different kind of prejudicial remark. Here the prosecutor, albeit in connection with a plea for law enforcement, clearly injected a matter outside the record which was so harmful and inflammatory that the instruction given by the trial judge could not remove its effect. The reference to the headline of the day's newspaper, "Clerk shot in head" and the "problem in San Antonio" was not before the jury in evidence, nor was it in answer to invited argument, or a fair deduction from any evidence in the case, or a reference to anything shown remotely connected to the appellant. In our opinion, the argument was manifestly improper and prejudicial, especially since appellant was charged with aggravated robbery, with a deadly weapon, of a store clerk. On looking at the facts of this case, and viewing the probable effect on the minds of the jury, we cannot conclude the error was harmless.

Accordingly, the judgment of the trial court is reversed and the cause remanded.