**Bobby Ray WILEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–84–00189–CR.**

Court of Appeals of Texas, San Antonio.

Oct. 16, 1985.

Discretionary Review Refused Dec. 31, 1985.

Raymond Angelini, San Antonio, for appellant.

Sam Millsap, Jr., Alfred E. Hernandez, Margaret M. Embry, Dist. Atty's. Office, San Antonio, for appellee.

**OPINION**

Before CANTU, TIJERINA, and DIAL, JJ.

CANTU, Justice.

This is an appeal following a conviction for aggravated sexual assault. Punishment was assessed at forty-five years by the court, following a jury trial.

At approximately 10:00 p.m. on November 17, 1983, the complainant was walking along Fredericksburg Road in San Antonio with her three-year-old son. A man jumped out behind the complainant and stabbed her in the shoulder. The complainant fell and was dragged across the street to a parking area behind some nearby apartments. The complainant's son ran to a nearby relative's apartment for help, as the man sexually assaulted the complainant while holding a knife to her neck. The relative summoned by the complainant's son arrived on the scene and observed the suspect raping the complainant. The suspect ran away, while the relative gave chase. The relative threw a rock at the fleeing suspect, hitting him in the back of the head.

Two police officers had been parked near the scene, and observed the appellant walk by. The officers knew the appellant, who stopped and exchanged a few pleasantries with them. Shortly thereafter, the officers received a radio call about the assault. A description of the suspect matched that of appellant, so the officers went to appellant's residence to question him about the assault.

The officers, Victor Almarez and Hector Villarreal, of the San Antonio Police Department, questioned the appellant concerning the assault. Appellant was first given his *Miranda*[1] warnings by Officer Almarez. Appellant indicated his willingness to talk. He then denied any knowledge of the assault, and told the officers that they were free to search his room if they didn't believe him.

During this questioning, appellant had been leaning against a white wall. He leaned forward, revealing a fresh blood stain on the wall behind where his head had been resting. The officers, aware that the assault suspect had been hit in the head, then handcuffed the appellant and went to search his room.

The search revealed bloodied clothes belonging to appellant, and a knife with fresh blood still on it. The officers showed these items to appellant, who, without further questioning by the police, stated: "Okay, I did it."

■ Appellant's first ground of error complains that the trial court erred in admitting this oral statement into evidence over objection. Specifically, appellant urges that an oral statement of an accused is inadmissible unless the statement falls within an exception to the Texas Confession Statute, TEX.CODE CRIM.PROC. ANN. art. 38.22 (Vernon 1985). Appellant asserts that he was under arrest, and so his statement was the result of custodial interrogation. Appellant further asserts that his statement was neither res gestae of the offense, nor did it lead to any fruits of the crime, and so was inadmissible.

The State contends that appellant's statement was voluntary, notwithstanding that appellant was in custody. Additionally, they assert that the statement was not in response to interrogation, and so its admissibility is not barred by article 38.22.

Article 38.22 operates to bar those oral statements made in response to custodial interrogation, where the accused has not been given adequate constitutional warnings, and the statement is not preserved under specified procedural safeguards. The State concedes that appellant was in custody at the time of his statement, but denies that his statement was in response to any questioning by police.

The evidence at trial indicated that appellant had been questioned about the assault and had denied any involvement. The police officers then searched appellant's room pursuant to his invitation to do so. After the police discovered the clothes and knife, appellant, without additional questioning by the police, voluntarily expressed his guilt. Custodial interrogation has been defined as express questioning or words and actions that are reasonably likely to elicit an incriminating response. *Rhode Island v. Innis*, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). However, not all state-

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, (1966).

ments obtained by the police after a person has been taken into custody result from interrogation. *See Miranda, supra,* at fn. 1. We hold that appellant's statement was not the product of interrogation. The police merely showed the evidence to appellant, who, although advised of his right to remain silent, admitted his involvement in the assault. Consequently, the statement was not inadmissible under article 38.22. *Shiflet v. State,* 653 S.W.2d 830 (Tex.App. —Corpus Christi 1982, pet. granted); *Mead v. State,* 643 S.W.2d 421 (Tex.App.—Corpus Christi 1982, pet. ref'd.).

Appellant's first ground of error is overruled.

■ Appellant then challenges the trial court's failure to grant a mistrial following objections to allegedly prejudicial and improper jury argument. During his final argument to the jury, the prosecutor told the jury that the State had not brought in other police officers to testify concerning appellant's oral statements because the appellant's attorney had had such testimony suppressed. The State contends that its remarks were merely a response to appellant's closing argument.

Officer Stanley Bronder, also from the San Antonio Police Department, testified at the hearing on appellant's motion to suppress the oral statement that he could not remember exactly what statement appellant had made regarding his involvement with the assault, although he was present in appellant's room during questioning. The trial court suppressed this officer's testimony regarding the statement. During his closing argument, counsel for the appellant made the following remark to the jury:

They also said something, some evidence about some kind of oral statement. You know, there was about four or five, six officers there in that room. You hear evidence on one officer, only one that this happened. I'm sure [the appellant] just shouted this thing out and this one officer heard it and no one else. Is that proof beyond a reasonable doubt?

The prosecutor, in his rebuttal argument, then stated:

I'll tell you something right now about what [appellant's counsel] told you about us not bringing other officers for that oral statement that this man made. [Appellant's counsel] wants you to believe that the other officers didn't hear it. He's arguing to you the other officers were in the room. Why didn't I call them in? I'll tell you why. [Appellant's counsel] had it suppressed.

Appellant objected to the prosecutor's statements on the ground that his argument was outside the record. The objection was sustained and the jury was instructed to disregard the statement. The State contends that the statement was merely responsive to appellant's suggestion to the jury that only one officer had heard appellant's statement.

Generally, when the defendant invites error by arguing evidence that is not in the record, the State is permitted to respond by similarily referring to such evidence outside the record. *Thornton v. State,* 542 S.W.2d 181 (Tex.Crim.App.1976). However, even if such argument by the State was improper, we hold that such error was harmless in light of the court's instruction to the jury to disregard the statement. *See e.g. Iness v. State,* 606 S.W.2d 306 (Tex. Crim.App.1980); *Stearn v. State,* 487 S.W.2d 734 (Tex.Crim.App.1972); *Martinez v. State,* 649 S.W.2d 728 (Tex.App.—San Antonio 1982, pet. ref'd). Appellant's second ground of error is overruled.

■ Lastly, appellant complains in his third ground of error that the trial court erred in permitting testimony that a sample of appellant's blood had been taken. Appellant contends that the blood sample was taken without voluntary consent and without a search warrant, rendering such evidence inadmissible. Those cases cited by appellant in support of his contention involved an intrusion beneath the body surface, which generally requires a search warrant or voluntary consent to be reasonable. *See Smith v. State,* 557 S.W.2d 299 (Tex.Crim.App.1977); *Escamilla v. State,*

**640**

556 S.W.2d 796 (Tex.Crim.App.1977). In this case, however, no below surface intrusion was made to obtain a blood sample. Rather, one of the officers dabbed a blood sample card to the wound on appellant's head. This type of intrusion is slight, and does not require a search warrant or consent. *Cf. Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). The degree of intrusion determines whether a search is reasonable or not. *See Patterson v. State,* 598 S.W.2d 265 (Tex. Crim.App.1980). We hold that dabbing a blood sample card on the appellant's head was a reasonable and permissive search of his person. Therefore, admission of testimony concerning the blood sample was not error. Appellant's third ground of error is overruled.

Finding no error in appellant's contentions on appeal, the judgment below is affirmed.

DIAL, Justice, dissenting.

I respectfully dissent.

*Rhode Island v. Innis,* 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980) explains the meaning of "interrogation" under *Miranda.* The Supreme Court said that the *Miranda* safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent. Any police practice that the officers should have known was reasonably likely to evoke an incriminating response from the suspect was the equivalent of express interrogation. *Id.* at 301, 100 S.Ct. at 1689, 64 L.Ed.2d at 308.

Here the questioning of the defendant by the officers followed by confronting him with the bloody garments was effective police action intended to and likely to elicit an incriminating response. I believe *Innis* requires us to hold that the statement was the result of custodial interrogation and was inadmissible under art. 38.22. Since the other evidence identifying the defendant was meagre, the oral statement was critical. This would require a reversal of the conviction under the circumstances.