Ronald Eugene JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–86–249 CR.

Court of Appeals of Texas,
Beaumont.

Sept. 23, 1987.

J.C. Durst, Conroe, for appellant.

Wilbur Aylor, Asst. Dist. Atty., Conroe, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was found by a jury to be guilty of a burglary of a habitation, and the jury assessed punishment at fifty years confinement in the Texas Department of Corrections. Appellant has perfected appeal to this court.

Appellant's first point of error states:

"The Trial Court committed reversible error by admitting into evidence items found in Appellant's automobile and on Appellant's person."

A Conroe detective lieutenant, who was stopped at an intersection in an unmarked car, observed Appellant and a passenger sitting in a car to his right. They were also stopped at a stop sign. The officer testified the two men kept looking at him, then they made a wide turn, partly running off the paved road and running through a yellow light. Suspecting drunkenness or car theft, the detective followed them. Appellant, the driver, pulled over to the curb on the right of the roadway and came to a stop. The officer likewise stopped his car in a position behind Appellant's car. Appellant got out of his car and walked back to the unmarked police car. The detective identified himself and asked Appellant for identification. He took a portable red light out from under the seat of his car and turned it on, placing it on his dash board.

Appellant and the detective walked back to Appellant's car. It was there that the detective observed a V.C.R. behind the passenger's seat. Appellant averred it was his. Appellant gave the detective his driver's license, and the detective learned that Appellant had outstanding warrants. He then arrested Appellant, searched the person of Appellant and found a film canister containing jewelry. The canister was in Appellant's front coat pocket. Appellant declared that he had bought it, "I just got paid." A pillow case on the floor of the car, on the passenger side, was found to contain business cards belonging to the victim, wiring for the V.C.R., an antenna, and two jewelry boxes. All of the recovered property was identified by the victim. Appellant objected to the introduction of these items, as well as evidence of his alleged statement. The objections were overruled; however, the court granted a motion to suppress as to a television set found in the trunk of Appellant's car.

Vehicular search is not subject to the same strict rules of causation as search of premises. 3 W. LaFAVE, SEARCH AND SEIZURE sec. 7.2, at 22 (2d ed. 1987). A police officer may briefly stop a suspicious individual to determine his identity or to maintain the status quo momentarily while obtaining more information, and these circumstances may fall short of probable cause for an arrest. To justify the intrusion, the enforcement officer must have specific articulable facts which, in light of his experience, would warrant an intrusion for further investigation. The key is that there must be a *reasonable suspicion* based on unusual activity suggesting a crime. *Shaffer v. State*, 562 S.W.2d 853, 855 (Tex.Crim.App.1978); *United States v. Brignoni–Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). Otherwise, the property recovered here was inadmissible. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). What is "unreasonable" conduct by an officer under the Fourth Amendment to the U.S. Constitution is very often a judgment call, and one not clearly apparent. Such is the case we face. We hold that the detective did have a reasonable suspicion based on unusual activity to make the detention. He was alerted by the actions of Appellant and his passenger staring at him, making a wide turn with his car, partly running off the road and going through a yellow light—all reinforcing his suspicion—as well as Appellant's coming to the police car unsummoned, apparently to prevent the detective from looking inside Appellant's car. Of course, on learning of Appellant's outstanding warrants, Appellant's arrest by the detective made the property involved admissible. *Gustafson v. Florida*, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973); *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69

L.Ed.2d 768 (1981); *Osban v. State,* 726 S.W.2d 107 (Tex.Crim.App.1986). This point of error is overruled.

 Points of error numbers two, three, and four, all complain of prosecutorial argument.

2) "Burglars come back and you know good and well, you read your papers, you know good and well burglars come back and the next thing you know, they've gone again back into somebody else's house."

We believe the argument was improper and not within the perimeter of *Alejandro v. State,* 493 S.W.2d 230 (Tex.Crim.App.1973). However, the sustaining of Appellant's objection by the court and instruction to the jury to disregard prevented the error from requiring a reversal. *Johnson v. State,* 583 S.W.2d 399 (Tex.Crim.App.1979). This point of error is overruled.

3) "You're going to send a message. It's not going to probably—I bet it doesn't even get in the papers, the local papers, this message that you are going to send. But I guarantee you one thing, it will go right back up to the jail where you can rest assured that probably other people waiting their turn at trial, that they decide that they won't—like this Defendant decided he wanted a trial. That was his election. And he had an absolute right to it. What are you going to do? Give him some sort of little ol' light sentence where they will go up there and can't you just hear them laughing, you know?"

The court overruled Appellant's objection. We regard this as a plea for law enforcement and thus approved by *Alejandro v. State, supra.* This point of error is overruled.

4) "But you can rest assured that we've got all kinds of cases that are not victimless crimes."

The prosecutor thus stated it was a victim crime. Appellant's objection was sustained, and the court instructed the jury to disregard. Then the prosecutor asked,

"Can you judge a book by looking at its cover? What's going to happen the next time? First, theft by receiving, now it's burglary, what type of crime is he going to commit next?"

To us, this is not a foul argument. At any rate, the court sustained the objection. *Johnson v. State, supra.* This point of error is overruled.

The judgment of the trial court is Affirmed.

Affirmed.