**John Alex YOUNG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–87–156 CR.**

Court of Appeals of Texas,
Beaumont.

June 21, 1989.

Bruce W. Cobb, Beaumont, for appellant.

D.C. "Jim" Dozier, Conroe, for state.

---

OPINION

BROOKSHIRE, Justice.

A jury convicted Appellant of the misdemeanor offense of reckless conduct under *TEX.PENAL CODE ANN. sec. 22.05* (Vernon 1989). The jury assessed a fine of $500.00 in punishment against Appellant.

The Appellant asserts two points of error, both of which relate to a single instance of alleged reversible error committed during the prosecution's closing argument to the jury in the guilt-innocence phase of the trial. The nature of the occurrence which occasioned the alleged error is stated in the record as follows:

"MR. CHOMEL (Prosecutor): Our argument is with Mr. Young. Our argument

is with a man who engages in this kind of conduct. Our argument is with people who commit crimes, the ones we read about in the paper. On any given morning you may get up and read in the paper, find out in the headlines and find out that some man walked in McDonald's and killed two million people or a postal employee in Oklahoma that was killed—

"MR. GARCIA (Defense Counsel): Objection, Your Honor. May we approach the Bench?

"THE COURT: Yes.

(Whereupon, the following was heard at the Bench outside the hearing of the jury.)

"MR. GARCIA: I think this goes far above and outside the admissibility of any argument. He went into a guy in McDonald's shooting people, all kinds of things outside the scope of any evidence that was presented, outside the scope of any charges in this case.

"I respectfully request that it be omitted and that the jury be instructed to disregard it and make a Motion for Mistrial.

"MR. CHOMEL: Your Honor, simply I believe it is a very valid plea for law enforcement. It is made on behalf of the State's case.

"THE COURT: I am going to overrule your objection and deny your Motion for Mistrial."

Appellant argues that the trial court erred in overruling his objection to the jury argument and in failing to grant a mistrial. The State asserts that the jury argument at issue was a genuine plea for law enforcement.

The rule has been clearly and frequently stated that proper jury argument must fall within one of four general categories: (1) summation from the evidence; (2) reasonable deduction from that evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Allridge v. State*, 762 S.W.2d 146 (Tex.Crim.App.1988); *Alejandro v. State*, 493 S.W.2d 230 (Tex. Crim.App.1973). Error exists when facts not supported by the record are interjected; however, such error is harmless unless, in

light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute or injects new facts, harmful to the accused, into the trial. *Allridge, supra,* at 155; *Cannon v. State*, 668 S.W.2d 401 (Tex.Crim.App.1984). The test of what constitutes reversible error in jury argument is whether there is a reasonable possibility that the argument complained of might have contributed to the conviction or the sentence imposed. *Allridge, supra.*

In *Lopez v. State*, 500 S.W.2d 844, 846 (Tex.Crim.App.1973), the Court reversed a capital murder conviction on several points of error. Inter alia, the Court held that the following argument by the prosecutor constituted reversible error:

"I'm concerned about the open season that is coming on police officers. I believe the same week these officers were killed there were eleven killed in America."

*Id.*, at 846. The Court stated that the argument was not based on evidence adduced at trial, nor would such evidence have been admissible had it been offered. *Id.*, at 846.

In *Martinez v. State*, 649 S.W.2d 728 (Tex.App.—San Antonio 1983, pet. ref'd), the Court dealt with an aggravated robbery case, in which the prosecutor made the following statements in closing:

"I don't have to sit here and tell you that we have a problem with robbery in San Antonio. And in Bexar County, Texas. *Headlines on this morning paper, 'clerk shot in head.'* (Emphasis added.)."

*Id.*, at 729. The Court held that although the trial court sustained defense counsel's timely objection and instructed the jury to disregard, reversible error was committed and the conviction was reversed. *Id.*, at 729–30. The Court stated, in so holding:

"Here the prosecutor, albeit in connection with a plea for law enforcement, clearly injected a matter outside the record which was so harmful and inflammatory that the instruction given by the trial judge could not remove its effect. The reference to the headline of the

day's newspaper, 'Clerk shot in head' and the 'problem in San Antonio' was not before the jury in evidence, nor was it in answer to invited argument, or a fair deduction from any evidence in the case, or a reference to anything shown remotely connected to the appellant. In our opinion, the argument was manifestly improper and prejudicial, especially since appellant was charged with aggravated robbery, with a deadly weapon, of a store clerk. On looking at the facts of this case, and viewing the probable effect on the minds of the jury, we cannot conclude the error was harmless."

*Id.*, at 730.

In *Jackson v. State*, 738 S.W.2d 349 (Tex. App.—Beaumont 1987, no pet.), this Court dealt with a prosecutor's argument which stated thus:

"Burglars come back and you know good and well, you read your papers, you know good and well burglars come back and the next thing you know, they've gone again back into somebody else's house."

*Id.*, at 351. The Court held that the argument was clearly improper and fell outside the boundaries set by *Alejandro* and progeny. However, the error was ruled harmless due to the fact that the appellant's objection was sustained and the jury was instructed to disregard the prosecutor's remarks.

■ It is clear that the remarks complained of in the instant case were outside the parameters set in *Alejandro, supra,* and the cases following its principles enunciated therein. The prosecutor's reference to killing two million people in McDonald's and the killing of a postal employee in Oklahoma referred to nothing resembling either a fact in evidence or a reasonable inference from such evidence. The State's assertion that such argument was a plea for law enforcement lacks merit, and is therefore rejected. *Martinez, supra.*

■ The State also asserts that the argument at issue was connected to a question the prosecutor asked the Appellant when testifying at trial on cross-examination. There Appellant was queried as to whether he intended to "do something" to the complaining witness. Appellant answered in the negative. The question of an attorney is not evidence, and therefore cannot be used as a basis for argument by counsel on closing.

The State also asserts that the prosecution clarified the argument at issue as being one of summation of the evidence when he later said that the offense at issue was one in which criminal activity begins. This assertion lacks merit. The objected-to argument had no relationship to any facts in evidence, nor did the subsequent statement of counsel create such a meaningful relationship.

The statements which were made by the prosecution were similar to the statements condemned by *Lopez, Martinez,* and *Jackson, supra.* Therefore, an examination of the record before us is necessary to determine if a reasonable possibility exists that the argument complained of may have contributed to the conviction or sentence imposed herein. *See TEX.R.APP.P. 81(b)(2).*

■ This was a case in which Appellant was accused of reckless conduct, involving a deadly weapon, a shotgun. The record reveals that this was a hotly contested trial. The alleged offense occurred October 26, 1986. There was evidence that Appellant was involved in an argument with one Ada Johnson, who apparently was living with him at the time. Ms. Johnson was an employee at a restaurant managed by Mrs. Virginia Keasling, the Complainant at trial. The facts show that following the argument, Ms. Johnson went to work at the restaurant in question. The evidence further indicates that Appellant followed Ms. Johnson to the restaurant, at which time he argued for a short time with her. He left the restaurant, and later returned. Appellant was refused admittance to the restaurant. The motive for his return, and his actions at this time are in dispute.

The Complainant asserted that Appellant drove his truck into a post office parking lot across from the side of the restaurant. She further stated that Appellant began pointing a long, slender object in the di-

rection of the kitchen window where she stood, watching him. Complainant said that she first thought it was a stick. However, she stated that she realized he had a gun when Ms. Johnson, who she said was at the window with her, observed and said that Appellant was holding a gun. The Complainant categorically maintained that Appellant waived the gun menacingly several times and specifically pointed the gun at the kitchen window where she stood.

Appellant took the stand on his own behalf. He maintained that he never pointed a gun at Complainant or anyone else. He said that he had gone to get the shotgun because he was about to go on a squirrel hunting trip with some friends. He testified that what he was holding was a stick, which he was using to repair the clutch of his truck, which had broken down in the parking lot. The stick in question was admitted into evidence. The arresting officer, Ken Henderson of the Montgomery, Texas, Police Department, testified that he found the shotgun in question on the dashboard of Appellant's truck. He stated that the breech of the shotgun was open, and shotgun shells were laying on the dashboard next to the gun. He further testified that Appellant seemed intoxicated, and threatened to fight Officer Henderson before submitting to a verbal command to surrender. Officer Henderson did admit that a tool box belonging to Appellant was open, and that a small coarse thread bolt, which corresponded to a pin that Appellant said had come out of the clutch, was held in Appellant's hand at the time of arrest.

Both Appellant and Complainant told conflicting stories as to whether he could have seen her in the window. She stated that he could see her on a clear, sunny afternoon, as was the day in question. Appellant insisted that he could not see through the window due to trees and shrubs which blocked his view. He submitted a videotape of the crime scene to support his contention, which was admitted into evidence. Both sides presented rebuttal witnesses which impacted somewhat on the credibility of both Complainant's and Appellant's testimony.

In sum, the evidence adduced at trial before the jury was in dispute. It is clear, therefore, that the complained-of jury argument was only arguably salvageable had the objection lodged by Appellant's counsel been sustained and the jury instructed to disregard the prosecutor's comments. *Allridge, supra,* at 156; *Jackson, supra,* at 351. However, in this case the trial court overruled the timely objection made by Appellant's counsel, thereby precluding any curing of the error.

Therefore, we sustain Appellant's point of error. We conclude that the prosecutor's erroneous references to two million people killed at McDonald's and to the death of a postal employee constitutes reversible error. A reasonable possibility exists that the argument complained of might have contributed to the conviction imposed. *See TEX.R.APP.R. 81(b)(2).* The judgment of the trial court is hereby reversed and the cause remanded.

REVERSED AND REMANDED.