**Opinion issued June 4, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-23-00527-CR**
_____

**ELIJAH KALUANYA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Case No. 1739848**

---

**MEMORANDUM OPINION**

Elijah Kaluanya appeals his murder conviction. In one issue, he argues the trial court erred in allowing the prosecutor to make an improper jury argument. Because we conclude the error did not affect his substantial rights, we affirm the trial court's judgment.

# BACKGROUND

On the morning of September 14, 2021, appellant Kaluanya and complainant Demrick Thomas got into a heated argument in a gas station parking lot. Their cars were parked next to each other. Kaluanya's girlfriend was in the driver's seat of his car, and Kaluanya was in the passenger seat.

Kaluanya believed that when Thomas opened his car door, he bumped into Kaluanya's car. The two men started yelling at each other, and the argument escalated quickly. Thomas started to pull out of his parking space, then stopped his car and got out. At that time the passenger in Thomas's car began recording the incident with her cell phone. As Thomas approached Kaluanya's car, Kaluanya testified that Thomas was yelling aggressively, screaming, and reaching for his waistband. Kaluanya's girlfriend, who was in the driver's seat of his car, also testified that she saw Thomas reach behind his back. Fearing that Thomas was reaching for a gun, Kaluanya got out of his car and shot Thomas multiple times. Kaluanya then quickly got back into his car, and his girlfriend drove away. Thomas died from his injuries. In total, he had 22 gunshot wounds. Thomas did not have any weapons on his person or in his car.

At trial, Kaluanya did not dispute that he shot Thomas or that Thomas died from those injuries. Instead, he argued he shot Thomas in self-defense. The jury

found Thomas guilty of murder, implicitly rejecting his self-defense theory, and the trial court assessed his punishment at 50 years' imprisonment.

## DISCUSSION

In his only appellate issue, Kaluanya argues the trial court erred in overruling his objection to the prosecutor's improper jury argument. During the State's closing argument, one of the prosecutors argued:

> [PROSECUTOR]: [I]f you want to find this defendant not guilty, you do have to say that [Thomas] deserved to die. By saying self-defense applies in that situation, you have to say, as Harris County, we want to say that Demrick Thomas deserved to die on September 14th, 2021.
>
> [DEFENSE COUNSEL]: Objection, Your Honor, improper jury argument.
>
> THE COURT: Overruled.
>
> [PROSECUTOR]: That he deserved to die when he responded to the defendant's request to get out of the car, . . . that he deserved to be shot. That is what a verdict of not guilty would say.
>
> And not just one shot, right? You would have to believe that Demrick deserved every single one of those shots that this defendant fired again and again and again as he's moaning on the ground, dying.

On appeal, Kaluanya claims the trial court erred by allowing this argument because it was outside the permissible areas of jury argument and because the prosecutor misstated the law on self-defense.

The four proper areas of jury argument are: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to an argument of opposing counsel; and (4) plea for law enforcement. *Milton v. State*, 572 S.W.3d 234, 239

(Tex. Crim. App. 2019). Assuming the prosecutor's argument was error, we conclude the error did not affect Kaluanya's substantial rights and therefore is not reversible.

Generally, improper jury argument is non-constitutional error that we must disregard unless it affects the defendant's substantial rights. *See* TEX. R. APP. P. 44.2(b) (any error that does not affect substantial rights must be disregarded); *Freeman v. State*, 340 S.W.3d 717, 728 (Tex. Crim. App. 2011) (improper jury argument is generally non-constitutional error that must be disregarded if it does not affect substantial rights); *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (applying Rule 44.2(b) non-constitutional error standard to closing argument falling outside areas of permissible jury argument).

Kaluanya argues that this error is constitutional because the prosecutor urged the jury to consider matters not before them, violating the Due Process Clause of the Fourteenth Amendment. *See* U.S. CONST. amend. XIV. However, this is the same type of error the Court of Criminal Appeals found in *Freeman v. State*, and in that case, the Court explained that "[i]mproper-argument error of this type is non-constitutional in nature." *Freeman*, 340 S.W.3d at 728 (concluding prosecutor's closing argument that referred to facts that were neither in evidence nor inferable from evidence was improper but non-constitutional error); *see also Martinez v. State*, 17 S.W.3d 677, 692 (Tex. Crim. App. 2000) ("Comments upon matters outside the

4

record, while outside the permissible areas of jury argument, do not appear to raise any unique concerns that would require us to assign constitutional status. We shall therefore apply the standard of harm for nonconstitutional errors."). Therefore, we apply the non-constitutional-error standard and must disregard the error unless it affected Kaluanya's substantial rights. *See Freeman*, 340 S.W.3d at 728.

To determine whether an error affects a defendant's substantial rights and is thus reversible, "we balance the severity of the misconduct (i.e., the prejudicial effect), any curative measures, and the certainty of conviction absent the misconduct." *Id*.

In evaluating the first factor, the severity of the misconduct, we look at the entire record of closing arguments and consider whether the argument is "extreme or manifestly improper" and shows a "willful and calculated effort on the part of the State to deprive [the] appellant of a fair and impartial trial." *Brown v. State*, 270 S.W.3d 564, 573 (Tex. Crim. App. 2008) (quoting *Cantu v. State*, 939 S.W.2d 627, 633 (Tex. Crim. App. 1997)).

Kaluanya argues the improper argument was severe misconduct because the prosecutor used language aimed at inflaming the jury and misstated the law of self-defense. But this improper argument was "a very small portion" of the State's closing argument. *See Freeman*, 340 S.W.3d at 728. In the first part of the State's closing argument, one of the prosecutors directed the jury to look at the jury charge

and discussed the charge's instructions on self-defense at length, and none of this discussion drew any objections. After defense counsel gave his closing argument, a second prosecutor made a closing argument and again directed the jury to look at the charge and its definition of self-defense. She continued to discuss self-defense and argued it did not apply in this case, drawing no objections, until she made the brief improper argument at issue here. She then went on to summarize the evidence of Thomas's injuries and urged the jury to rewatch the cell phone video of the shooting. She played the video for the jury, summarized its contents, and argued self-defense did not apply, again drawing no objections in her discussion of self-defense. Thus, after making the improper argument, she "moved on and did not dwell on the matter." *Brown*, 270 S.W.3d at 573.

Kaluanya argues the improper argument was severe misconduct because the prosecutor misstated the law of self-defense, which impacted the jury's view of the State's burden of proof, citing *Whiting v. State*, 797 S.W.2d 45, 48 (Tex. Crim. App. 1990). In *Whiting*, the Court of Criminal Appeals held the trial court erred in overruling the defendant's objections to the prosecutor's "deliberate and repeated misstatements of the burden of proof on the issue of self-defense." *Id.* After determining there was error, however, the Court did not conduct a harm analysis, instead remanding that issue to the court of appeals. *Id.* at 49. Therefore, *Whiting* supports Kaluanya's position that the prosecutor's argument was improper and the

6

trial court erred in overruling his objection, but *Whiting* does not address whether this type of error is severe misconduct.

In a case that actually decided the question of whether a prosecutor's misstatement of the burden of proof was severe misconduct, the court concluded that, because multiple sources correctly explained the burden of proof to the jury, the prosecutor's improper argument was "not severe." *Newby v. State*, 252 S.W.3d 431, 438 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) (concluding prosecutor's improper argument changing burden of proof was not severe in light of trial court properly explaining burden of proof in jury charge, defense counsel properly explaining burden in closing argument, and jury charge properly explaining burden). Here, the trial court read the correct burden of proof as stated in the jury charge, both the prosecutor and defense counsel urged the jury to read the jury charge closely, and the charge itself correctly explained the burden of proof regarding self-defense. In light of these multiple sources correctly explaining the burden of proof, the prosecutor's improper argument here is likewise not severe misconduct. *See id.*

Kaluanya also argues the prosecutor's improper argument was severe misconduct because the comments were striking at the defendant over the shoulders of his counsel. A prosecutor strikes at a defendant over the shoulders of his counsel when the prosecutor makes an "uninvited and unsubstantiated accusation of improper conduct directed at a defendant's attorney." *See Mosley*, 983 S.W.2d at

7

258 (quoting *Orona v. State*, 791 S.W.2d 125, 128 (Tex. Crim. App. 1990)). This type of argument is improper. *Davis v. State*, 329 S.W.3d 798, 821 (Tex. Crim. App. 2010). Here, the prosecutor's improper comments were not directed at defense counsel and did not mention defense counsel, directly or indirectly. Therefore, the prosecutor was not striking at the defendant over the shoulders of his counsel. *See, e.g.*, *Acosta v. State*, 411 S.W.3d 76, 93–94 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (concluding prosecutor did not strike at defendant over shoulders of his counsel where prosecutor's argument did not attack defense counsel personally); *cf. Gomez v. State*, 704 S.W.2d 770, 772–73 (Tex. Crim. App. 1985) (holding prosecutor was striking at defendant over shoulders of his counsel where prosecutor argued defense counsel brought in witnesses to manufacture evidence and would do anything to get his client "off the hook"); *Bell v. State*, 614 S.W.2d 122, 123 (Tex. Crim. App. [Panel Op.] 1981) (holding prosecutor was striking at defendant over shoulders of his counsel where prosecutor argued that defense counsel did not have same duty as prosecutor, he represented criminals, and he tried to have his client acquitted even if that meant presenting witnesses who were lying); *Lopez v. State*, 500 S.W.2d 844, 846 (Tex. Crim. App. 1973) (holding prosecutor was striking at defendant over shoulders of his counsel where prosecutor argued that defense counsel and defendant were lying when they entered plea of not guilty).

8

Looking at the entire record of closing arguments, we conclude the error here was not so severe as to constitute a willful and calculated effort by the State to deprive Kaluanya of a fair and impartial trial. *See Brown*, 270 S.W.3d at 573. The first factor weighs in favor of the State.

Second, looking at curative measures, the trial court did not sustain defense counsel's objection or instruct the jury to disregard. However, the jury charge correctly described the law on self-defense, the trial court read court read the correct law as stated in the jury charge, and both the prosecutor and defense counsel urged the jury to read the jury charge closely. *See Hawkins v. State*, 135 S.W.3d 72, 84 (Tex. Crim. App. 2004) (considering correct jury charge as curative measure). Thus, this factor does not weigh in favor of the State or Kaluanya.

Lastly, Kaluanya's conviction absent the misconduct was extremely likely because the evidence supporting his conviction was strong. The State's evidence included a cell phone video that showed Kaluanya shooting Thomas 22 times, even after Thomas fell to the ground. Kaluanya did not deny that he shot and killed Thomas. Instead, he argued that he did so in self-defense. However, the only evidence offered to support his self-defense theory was his testimony and his girlfriend's testimony that Thomas was yelling at them, threatening them, approaching them aggressively, and reaching for his waistband. Neither Kaluanya or his girlfriend testified that they saw Thomas with a weapon or that he used or

9

attempted to use force against them of any kind. *See* TEX. PENAL CODE § 9.32(a) (stating use of deadly force against another is justified if person reasonably believes deadly force is immediately necessary to protect himself against another's use or attempted use of unlawful deadly force); *id.* § 9.31(b) (stating use of force against another is not justified in response to verbal provocation alone). Therefore, given the correct statement of law in the jury charge and the evidence presented, the jury was likely to conclude Kaluanya was not justified in using deadly force against Thomas. His conviction was thus extremely likely, even without the allegedly improper argument by the prosecutor. This factor weighs in favor of the State.

In light of the lack of severity of the prosecutor's misconduct, the correct statement of law regarding self-defense in the jury charge, and the extreme likelihood of Kaluanya's conviction absent the misconduct, we conclude the error did not affect Kaluanya's substantial rights and must be disregarded. *See* TEX. R. APP. P. 44.2(b); *Freeman*, 340 S.W.3d at 728. We overrule Kaluanya's sole issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.


Gordon Goodman
Justice

10

Panel consists of Justices Goodman, Landau, and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).