**Freddie M. DeLEON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. C14–86–930–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 25, 1988.

John Fryer, The Woodlands, for appellant.

Franklin Blazek, Huntsville, for appellee.

Before JUNELL, CANNON and ELLIS, JJ.

## OPINION

JUNELL, Justice.

Appellant plead not guilty to the offense of murder. The jury found appellant guilty and assessed his punishment, enhanced by two prior felony convictions, at ninety-nine years in the Texas Department of Corrections.

■ Fourteen points of error are presented in the brief filed by appellant's attorney. Appellant also filed a pro se appellate brief. Since there is no right to hybrid representation in Texas, this court is not required to consider appellant's pro se brief on appeal. *LaBome v. State*, 624

S.W.2d 771, 773 (Tex.App.—Houston [14th Dist.] 1981, no pet.). Nonetheless, we have reviewed the pro se brief. We find no merit in any points of error in either brief. We affirm.

Appellant was an inmate at the Texas Department of Corrections when the murder made the basis of this appeal occurred. The Texas Syndicate prison gang issued a contract to kill fellow inmate John Segal Martin. On October 1, 1984, appellant killed Martin by stabbing him fifty-one times. Appellant asserted that the murder was committed in self defense.

■ In point of error one appellant asserts the trial court erred in denying appellant's Motion to Quash Indictment for denial of an examining trial provided for by Tex.Code Crim.Proc.Ann. art. 16.01 (Vernon 1977).

The return of an indictment terminates the right to an examining trial. *Gooden v. State*, 425 S.W.2d 645, 646 (Tex.Crim.App. 1968). The grand jury returned an indictment against appellant on February 20, 1985. The record reflects that no other charges were filed prior to the indictment. Appellant's motion to quash was filed on June 17, 1985. Point of error one is overruled.

In point of error two appellant contends the trial court improperly denied his Motion to Dismiss the Indictment for violation of the Speedy Trial Act. The Texas Speedy Trial Act, Tex.Code Crim.Proc.Ann. art. 32A.02, was declared unconstitutional by the Court of Criminal Appeals in *Meshell v. State*, 739 S.W.2d 246, 257–58 (Tex.Crim. App.1987). Appellant's second point of error is overruled.

■ In point of error three appellant argues the trial court erred in denying appellant's Motion to Quash Indictment because it failed to properly identify the type of instrument used in the murder. The indictment alleged that appellant stabbed Martin with a knife. An indictment is deemed sufficient when it gives the defendant notice of the particular offense with which he is charged. *Medrano v. State*, 701 S.W.2d 337, 339 (Tex.App.—El Paso 1985, pet.

ref'd). We have reviewed the indictment and find that it sufficiently alleged the acts and the type of instrument allegedly used by appellant. We hold that the trial court did not err in denying appellant's Motion to Quash the indictment. Point of error three is overruled.

In point of error four appellant argues his rights to due process and discovery were violated when the trial court denied his Motion for Bill of Particulars. There is no requirement that the state return written answers as appellant requested in his Motion for Bill of Particulars. The only authority appellant cites is Tex. Code Crim.Proc.Ann. art. 39.14 (Vernon 1979). This statute is not applicable because it only applies to motions for the production, inspection, copying or photocopying of certain documents.

The record before us contains both a Motion for Bill of Particulars and a Motion for Discovery and Inspection which ask for substantially the same information. The state asserts that all the information requested by appellant in his Motion for Bill of Particulars and Motion for Discovery and Inspection, concerning the names and addresses of witnesses, was actually furnished to appellant. Appellant never asserts that he did not receive the requested information but rather that the trial court erred in overruling his motion. However, the record does not show that either motion was presented to and ruled upon by the trial court. Therefore, appellant has failed to preserve this contention on appeal. Further, the record does not show that any particular witness's identity was not revealed to appellant or that any nondisclosure caused appellant harm. Point of error four is overruled.

In point of error five appellant claims the trial court erred in denying appellant's two Motions for Change of Venue. A change of venue must be supported by the defendant's own affidavit and the affidavit of two credible persons who are residents of the county where the prosecution is instituted. Tex.Code Crim.Proc.Ann. art. 31.03 (Vernon 1966). The failure to support a defendant's affidavit with the affida-

vit of at least two credible persons as required by article 31.03 is fatal. *Hinkle v. State*, 442 S.W.2d 728, 733 (Tex.Crim.App. 1969). A supporting affidavit executed by an appellant's attorney is not a sufficient compliance with the statute. *Stockton v. State*, 148 Tex.Cr.R. 360, 187 S.W.2d 86, 88 (Tex.Crim.App.1945). Both of appellant's Motions for Change of Venue failed to comply with the statutory requirements. For this reason, we hold that the trial court did not err in denying appellant's Motions to Change Venue. Point of error five is overruled.

In point of error six appellant asserts the trial court erred in denying appellant's motion to suppress his confession. Lieutenant Luther L. Boone was on duty in the Ellis I Unit when the murder occurred. After discovering the victim's body on 3 row, Lt. Boone proceeded to an area in 1 row called the "dayroom." Captain Terry joined Lt. Boone and ordered all the inmates in the dayroom to stand up and "shake it down." When appellant stood up, the officers noticed that there was a blood stain on appellant's knee. Lt. Boone pulled appellant out of the dayroom, handcuffed him and escorted him to the hall desk. The hall desk is the large center desk in the penitentiary where the officers of rank are located. Lt. Boone was concerned that the missing knives used in the killing might be a future threat to the safety and security of the prison. With this concern in mind, he asked appellant where the knives were located. Appellant responded that three knives were located in a coat under Martin's head. Lt. Boone did not ask appellant anything further. Shortly thereafter, appellant stated "I killed him." The lieutenant left appellant at the hall desk, returned to the victim's body and retrieved the three knives from the coat beneath the victim's head.

The trial court suppressed appellant's statements concerning the location of the weapons. However, the trial court admitted appellant's statement of "I killed him" on the ground that the statement was voluntary and not made in response to interrogation. The trial court reasoned that

Lt. Boone's query regarding the location of the murder weapon could not have been reasonably calculated to elicit appellant's response. We agree.

Confessions are a proper element in law enforcement. Any statement given freely and voluntarily without any compelling influences is admissible in evidence. *Miranda v. Arizona,* 384 U.S. 436, 478, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966). The defendant bears the burden of demonstrating that statements which the defendant seeks to suppress were made while the defendant was under custodial interrogation. *U.S. v. Charles,* 738 F.2d 686, 692 (5th Cir.1984). Custodial interrogation is defined as questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. *Miranda v. Arizona,* 384 U.S. at 436, 86 S.Ct. at 1612. *Miranda* safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent. That is to say, the term "in interrogation" under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect. *Rhode Island v. Innis,* 446 U.S. 291 at 300–301, 100 S.Ct. 1682 at 1689–90, 64 L.Ed.2d 297 (1980); *U.S. v. Webb,* 755 F.2d 382 (5th Cir.1985). *Miranda* applies only to statements made in the course of custodial interrogation. *Rhode Island v. Innis,* 446 U.S. at 300, 100 S.Ct. at 1689.

The facts of the present case present a unique situation and one which leads this court to conclude that appellant was not in interrogation when he told Lt. Boone "I killed him."

■ The lieutenant testified that he instigated the conversation with appellant for the sole purpose of determining the location of the knives. Clearly, Lt. Boone was not attempting to elicit an incriminating response from appellant, nor should he have known that his single query would eventually elicit an incriminating response.

Moreover, the trial court excluded appellant's statement as to the location of the knives. We hold that appellant's statement was voluntarily made.

■ Even assuming Lt. Boone's query was custodial interrogation the initial inquiry as to the location of the knives was necessary under the circumstances. The Supreme Court recently created a public safety exception to *Miranda. New York v. Quarles,* 467 U.S. 649, 655–656, 104 S.Ct. 2626, 2631, 81 L.Ed.2d 550 (1984). Therein, the Supreme Court stated that the need for answers to questions in a situation posing a threat to the public safety outweighs the need for the prophylactic rule protecting the Fifth Amendment's privilege against self-incrimination. *New York v. Quarles,* 104 S.Ct. at 2633. Given the volatile and violent environment found in Texas prisons today, we hold that Lt. Boone's single inquiry as to the location of the knives was reasonable and clearly fell within the public safety exception to *Miranda.* For all of the foregoing reasons we hold that the trial court did not err in admitting appellant's statement that "I killed him." Point of error six is overruled.

■ In point of error seven appellant argues the trial court erred in ordering appellant to display a tattoo on his body. The display of a scar, birthmark or other distinguishing feature of a defendant does not violate the right against self-incrimination. *Whitlock v. State,* 170 Tex.Cr.R. 153, 338 S.W.2d 721, 723 (Tex.Crim.App.1960). Witness David Green testified that only members of the prison gang "Texas Syndicate" wear the "TS" tattoo and that he and appellant were members of the Texas Syndicate gang. Moreover, David Green and Arnold Darby further testified that appellant carried out the "hit" ordered by the Texas Syndicate on John Martin's life. We find that no error was committed by the trial court when it required appellant to display his Texas Syndicate tattoo. Point of error seven is overruled.

■ In point of error eight appellant complains the trial court erred in denying appellant's Motion to Prohibit Appellant's

Witnesses from Appearing in Shackles. The record reflects that appellant failed to object when the trial court decided to retain the leg irons on the feet of his defense witness. Warden S.E. Estes testified, in a hearing outside of the jury's presence, that one witness, Leo Barnard, would be a threat to the safety and security of the courtroom if he was allowed to testify without restraints. Our Court of Criminal Appeals has approved the use of leg irons and handcuffs in many cases. *Freeman v. State*, 556 S.W.2d 287, 304–306 (Tex.Crim.App.1977); *Thompson v. State*, 514 S.W.2d 275, 278 (Tex.Crim.App.1974); *Smith v. State*, 638 S.W.2d 200, 202 (Tex.App.— Houston [1st Dist.] 1982, no pet.). It was within the discretion of the trial judge to determine that leg irons were an appropriate means of restraint. *Smith v. State*, 638 S.W.2d at 202. The record before us affirmatively reflects the reasons for the court's order. *Moore v. State*, 535 S.W.2d 357, 358 (Tex.Crim.App.1976). We hold that the trial court did not err in denying appellant's motion. Point of error eight is overruled.

In point of error nine appellant argues the trial court erred in denying appellant's Motion for a Mistrial when the state's witness David Lee Green testified. The record reflects that appellant failed to object to the admission of David Green's testimony. Absent an objection to the admission of evidence, nothing is presented for appellate review. *Cisneros v. State*, 692 S.W.2d 78, 82 (Tex.Crim.App.1985). Defense counsel must object every time allegedly inadmissible evidence is offered. *Hudson v. State*, 675 S.W.2d 507, 511 (Tex. Crim.App.1984). Appellant's ninth point of error has not been preserved for our review. Point of error nine is overruled.

In point of error ten appellant asserts that the trial court erred in receiving hearsay testimony concerning undisclosed acts of the deceased and in receiving opinion testimony interpreting those acts. The record again reflects that appellant failed to object to the admission of this evidence at trial. An error in the admission of evidence is not preserved for appellate review absent a timely objection at trial. *Cisneros*

*v. State*, 692 S.W.2d at 82; *Thomas v. State*, 530 S.W.2d 834, 837 (Tex.Crim.App. 1975). Point of error ten is overruled.

In point of error eleven appellant argues that the trial court erred in overruling appellant's objection to the admission of photographs of the deceased. At trial appellant objected to the admission of the photographs on the ground that the testifying witness had no actual knowledge that the photographs were of the decedent John Segal Martin. Appellant complains for the first time on appeal that the photographs were inflammatory. The error presented on appeal must be the same as the objection raised before the trial court. *Nelson v. State*, 607 S.W.2d 554, 555 (Tex. Crim.App.1980). Appellant's objection at trial does not comport to his point of error on appeal, therefore, nothing has been preserved for our review. Moreover, even if appellant's objection had been properly preserved, it is without merit. If a photograph is competent, material and relevant to the issue on trial, it is not rendered inadmissible merely because it is gruesome or might tend to arouse the passions of the jury, unless it is offered solely to inflame the minds of the jury. If a verbal description of the body and the scene would be admissible, a photograph depicting the same would be admissible. *Martin v. State*, 475 S.W.2d 265, 267 (Tex.Crim.App. 1972). Point of error eleven is overruled.

In point of error twelve appellant asserts the trial court erred in not permitting appellant to introduce evidence of the deceased's reputation for violence. Appellant maintains that this precluded appellant from asserting the defense of self defense. Appellant's brief fails to identify the portions of the Statement of Facts corresponding to his assertions. Appellant alludes to the fact that the testimony of Leo Barnard, Jr. and Mr. Handorf was not introduced at trial and that this was reversible error. However, the record reveals that Leo Barnard, Jr. did testify before the jury on appellant's behalf. Mr. Richard Handorf did not testify at trial because the exhibit upon which he was to testify was excluded.

Appellant failed to make an offer of proof of the excluded evidence pursuant to Tex.R.App.P. 52(b) or to make a formal bill of exception as provided by Tex.R.App.P. 52(c). The burden is on the appellant to insure that a sufficient record is presented to show error requiring reversal. Tex.R.App.P. 50(d). Since appellant did not perfect a bill of exception to show what Handorf's testimony would have been, nothing is preserved for review. *Passmore v. State,* 617 S.W.2d 682, 685 (Tex.Crim.App. 1981). Point of error twelve is overruled.

In his thirteenth point of error appellant contends the trial court erred in allowing the prosecuting attorney to inquire into appellant's background through his witnesses. Appellant supports his point of error by alleging that the state's form of questioning was improper and that the state improperly cross-examined appellant's witnesses as to time periods not previously inquired into by appellant.

 The record clearly reflects that two defense witnesses, Leo Barnard, Jr. and Leo Lazano, were asked reputation questions and cross-examined on the same. The record reflects that throughout the cross-examination the state always phrased its reputation questions in the form of "have you heard" and not "did you know." The state's queries fell within the bounds of permissible questioning under Tex.R. Crim.Evid. 405(a). We are aware of no rule that requires the state, when cross-examining reputation witnesses, to limit its questioning to the narrowly tailored time periods previously inquired into by appellant on direct examination. Moreover, appellant does not cite any specific portion of the record or refer to any page number where he contends he was harmed. Point of error thirteen is overruled.

In appellant's final point of error he maintains the trial court erred in overruling his objection to the indictment because it failed to give notice of certain prior convictions upon which the state sought to enhance punishment. In the penalty phase, evidence may be offered by the prosecution as to the prior criminal record of the accused. Tex.R.Crim.Evid. 404(c). At trial, appellant objected to the admissibility of convictions other than the two convictions listed in the indictment. Appellant argues that the jury should only have been able to consider the two convictions listed in the indictment and not the additional six convictions introduced during the punishment stage of trial. Only those convictions relied upon for enhancement purposes must be included in the indictment. Point of error fourteen is overruled.

The judgment of the trial court is affirmed.