Antonion Olibares Flores v. SOT







NUMBERS 13-00-182-CR

 13-00-183-CR
COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


ANTONIO OLIBARES FLORES, Appellant,

v.


THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 291st District Court of Dallas County, Texas.

____________________________________________________________________


MEMORANDUM OPINION


Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Hinojosa


A jury found appellant, Antonio Olibares Flores, guilty of aggravated assault in cause numbers 13-00-182-CR and
13-00-183-CR, and the trial court assessed his punishment at life imprisonment in both cases. By seven points of error,
appellant contends: (1) the trial court erred in finding that the State provided race-neutral reasons for its exercise of
peremptory strikes in violation of Batson; (2) the trial court abused its discretion by denying his motion to suppress
statements, evidence seized without a warrant, and the in-court identification; (3) the trial court erred in allowing evidence
of an extraneous offense; (4) the trial court erred in overruling his objection to improper jury argument; and (5) the
evidence was legally insufficient. We affirm.

As this is a memorandum opinion not designated for publication and the parties are familiar with the facts, we will not
recite them here. See Tex. R. App. P. 47.1.

In his first point of error, appellant contends the trial court erred in finding that the State provided race-neutral reasons in
exercising its peremptory strikes of jurors 8, 19, 27, and 41 in violation of Batson.

The exclusion of a person from jury service because of that person's race violates the Equal Protection Clause of the
Fourteenth Amendment. Batson v. Kentucky, 475 U.S. 79, 89 (1986). A defendant may challenge the State's peremptory
strikes on the basis of discrimination. See Yarborough v. State, 947 S.W.2d 892, 894 (Tex. Crim. App. 1997). A hearing
on a challenge to a party's peremptory strikes requires the trial court to determine whether the challenging party has proven
by a preponderance of the evidence that the race-neutral explanation given by the strike's proponent was a sham or pretext
for discrimination Ford v. State, 1 S.W.3d 691, 693 (Tex. Crim. App. 1999).

In reviewing a Batson point of error, we examine the evidence presented at the Batson hearing to determine whether the
State was racially motivated in using a peremptory challenge against a member of the venire panel. Pondexter v. State, 942
S.W.2d 577, 581 (Tex. Crim. App. 1996). In doing so, we examine the evidence "in the light most favorable to the trial
court's ruling," and "we will not disturb the trial court's finding that the State's explanation is legitimate" unless it is clearly
erroneous. Id. (quotingChambers v. State, 866 S.W.2d 9, 25 (Tex. Crim. App. 1993)). 

Having examined the record and the State's explanations for its strikes, we find no clear error in the trial court's denial of
appellant's Batson objections. We overrule appellant's first point of error. 

In his second and third points of error, appellant contends the trial court erred in denying his motion to suppress his
statements and the evidence seized as a result of an illegal search and custodial interrogation.

In a motion to suppress hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the
weight to be given their testimony. State v. Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999). Accordingly, the judge
may believe or disbelieve all or any part of a witness's testimony, even if that testimony is not controverted. See State v.
Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). Furthermore, when the trial court fails to file findings of fact, we view
the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of
fact that support its ruling as long as those findings are supported by the record. Carmouche v. State, 10 S.W.3d 323, 328
(Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). If the trial judge's decision is
correct on any theory of law applicable to the case, the decision will be sustained. Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990).

In Guzman, the court of criminal appeals stated:

 The appellate courts should afford almost total deference to a trial court's determination of the historical facts that the
record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. The
appellate court should afford the same amount of deference to trial courts' rulings on "application of law to fact questions,"
also known as "mixed questions of law and fact," if the resolution of those ultimate questions turns on an evaluation of
credibility and demeanor. The appellate courts may review de novo "mixed question of law and fact" not falling within this
category.

Guzman, 955 S.W.2d at 89.

A review of a trial court's ruling on a motion to suppress presents an application of law to a fact question. Maestas v. State,
987 S.W.2d 59, 62 (Tex. Crim. App. 1999). The mixed question of law and fact presented when determining whether the
State proved voluntary consent by clear and convincing evidence, under the totality of the circumstances, does not turn on
an evaluation of credibility and demeanor. See Reyes-Perez v. State, 45 S.W.2d 312, 315 (Tex. App.-Corpus Christi 2001,
pet. filed);Vargas v. State, 18 S.W.3d 247, 253 (Tex. App.-Waco 2000, pet. ref'd). 

Police entry and search of a home without a warrant is presumptively unreasonable. See Roth v. State, 917 S.W.2d 292,
299 (Tex. App.-Austin 1995, no pet.) (citing United States v. Karo, 468 U.S. 705, 717 (1984)). Consent to search is one of
the well-established exceptions to the constitutional requirements of both a warrant and probable cause. Schneckloth v.
Bustamonte, 412 U.S. 218, 219 (1973); Carmouche, 10 S.W.3d at 331. When the prosecution seeks to justify a warrantless
search by proof of voluntary consent, it may show that consent was "obtained from a third party who possessed common
authority over or other sufficient relationship to the premises or effects sought to be inspected." United States v. Matlock,
415 U.S. 164, 171 (1973); Lowery v. State, 499 S.W.2d 160 (Tex. Crim. App. 1973). 

The Texas Constitution requires the State to prove by clear and convincing evidence that consent to search was freely
given. Reasor v. State, 12 S.W.3d 813, 818 (Tex. Crim. App. 2000); Carmouche, 10 S.W.3d at 331; Cerda v. State, 10
S.W.3d 748, 751 (Tex. App.-Corpus Christi 2000, no pet.). The trial court must look at the totality of the circumstances
surrounding the statement of consent in order to determine whether consent was given voluntarily. Reasor, 12 S.W.3d at
818; Cerda, 10 S.W.3d at 751.

In the present case, Officer Clickard, Apolino Peralta, and Marisela Peralta testified at the suppression hearing. The
testimony established that the apartment's lease was in Peralta's name, appellant had lived with Peralta and his family for
three years, and appellant helped out with rent on occasion. Although the trial court was free to believe or disbelieve any
witness's testimony, it was required to look at "the totality of the circumstances" surrounding Peralta's consent in order to
determine whether the State proved by clear and convincing evidence that the consent was positive and unequivocal, and
not the result of duress and coercion. Cerda, 10 S.W.3d at 751.

Viewing the facts in the light most favorable to the trial court's ruling, we hold that the testimony at the suppression hearing
is sufficient to constitute clear and convincing evidence of Peralta's positive and unequivocal consent to the search of his
apartment.

Appellant also contends the trial court erred in overruling his motion to suppress because there was neither probable cause
nor exigent circumstances to support his warrantless arrest. The State argues the warrantless arrest was justified because
there was probable cause and exigent circumstances.

We review de novo the determination of the existence of probable cause. Guzman, 955 S.W.2d at 87. Generally, an arrest
or search without a valid arrest warrant is unreasonable. Wilson v. State, 621 S.W.2d 799, 803-04 (Tex. Crim. App. 1981). 
An exception to this rule allows an officer to arrest a suspect without a warrant when the State shows: (1) the officer had
constitutional probable cause, and (2) the arrest falls within an exception listed in chapter 14 of the Texas Code of Criminal
Procedure. Stull v. State, 772 S.W.2d 449, 451 (Tex. Crim. App. 1989); McGee v. State, 23 S.W.3d 156 (Tex.
App.-Houston [14th Dist.] 2000, pet. granted). An officer can arrest a suspect without a warrant when exigent
circumstances justify a warrantless arrest under article 14.04. Farmah v. State, 883 S.W.2d 674, 677 (Tex. Crim. App.
1994). Article 14.04 has four requirements: (1) the person who gives the information to the peace officer must be credible;
(2) the offense must be a felony; (3) the offender must be about to escape; and (4) there must be no time to procure a
warrant. Tex. Code Crim. Proc. Ann. art. 14.04 (Vernon 1977). 

Probable cause exists where the facts and circumstances within the officer's knowledge and of which he has reasonably
trustworthy information are sufficient to warrant a person of reasonable caution in the belief that a particular person has
committed or is committing an offense. Hughes v. State, 24 S.W.3d 833, 838 (Tex. Crim. App. 2000), cert. denied, 121
S.Ct. 430 (2000). In deciding whether there is probable cause to make a warrantless arrest, an officer is entitled to draw
upon both law enforcement experience and the totality of circumstances within his or her knowledge at the time of the
arrest. See Amores v. State, 816 S.W.2d 407, 413 (Tex. Crim. App. 1991). 

After reviewing the record, we find there was sufficient evidence to support a warrantless arrest under article 14.04. 
Because the officers had probable cause to conduct a warrantless arrest of appellant, the officers were justified in
conducting a search incident to arrest. Rogers v. State, 774 S.W.2d 247 (Tex. Crim. App. 1989). The area subject to search
is restricted to that within the immediate control of the arrestee. Gauldin v. State, 683 S.W.2d 411, 414 (Tex. Crim. App.
1984), overruled on other grounds, 959 S.W.2d 631 (Tex. Crim. App. 1998). Therefore, the trial court did not err in
denying appellant's motion to suppress the shotgun shells found in appellant's pocket and the shotgun found in the closet.

Appellant further contends that his answer to Officer Clickard's question, "Where is the shotgun?" should be suppressed
because it was the result of custodial interrogation. 

Any statement given freely and voluntarily without any compelling influences is admissible in evidence. Miranda v.
Arizona, 384 U.S. 436, 478 (1966). The defendant bears the burden of demonstrating that statements which the defendant
seeks to suppress were made while the defendant was under custodial interrogation. DeLeon v. State, 758 S.W.2d 621, 625
(Tex. App.-Houston [14th Dist.] 1988, no pet.) (citing United States v. Charles, 738 F.2d 686, 692 (5th Cir. 1984)). 

Officer Clickard's question regarding the location of the shotgun was necessary under the circumstances, given the fact that
appellant fled the scene with a shotgun that he had just used to shoot two individuals. In New York v. Quarles, 467 U.S.
649, 655-56 (1984), the Supreme Court said that the need for answers to questions in a situation posing a threat to the
public safety outweighs the need for the prophylactic rule protecting the Fifth Amendment's privilege against
self-incrimination. Id. at 657. We hold that Officer Clickard's inquiry concerning the location of the shotgun was
reasonable and clearly fell within the public safety exception. Thus, the trial court did not err in denying appellant's motion
to suppress his statement regarding the location of the shotgun.

Appellant's second and third points of error are overruled.

In his fourth point of error, appellant contends the trial court erred in denying his motion to suppress the in-court
identification made by Juan Castro.

An appellant must show by clear and convincing evidence that the in-court identification of the defendant was tainted by
improper pre-trial identification procedures; otherwise, the in-court identification is always admissible. See Jackson v.
State, 628 S.W.2d 446, 448 (Tex. Crim. App. 1982); see also Munguia v. State, 911 S.W.2d 164, 168 (Tex. App.-Corpus
Christi 1995, no pet.) (citing Madden v. State, 799 S.W.2d 683, 695 (Tex. Crim. App. 1990)). We apply a two-step
analysis in determining the admissibility of a challenged in-court identification. Simmons v. United States, 390 U.S. 377,
383-84 (1968). First, the pre-trial procedure must be impermissibly suggestive; and second, the impermissibly suggestive
procedure must give rise to a "very substantial likelihood of irreparable misidentification." Id. "If the totality of
circumstances reveals no substantial likelihood of misidentification despite a suggestive pre-trial procedure, subsequent
identification testimony will be deemed reliable, 'reliability being the linchpin in determining the admissibility of
identification testimony.'" Webb v. State, 760 S.W.2d 263, 269 (Tex. Crim. App. 1988); see Manson v. Brathwaite, 432
U.S. 98, 114 (1977). Where the State shows an independent origin for the in-court identification, an impermissible pre-trial
procedure does not create a "very substantial likelihood of irreparable misidentification." Herrera v. State, 682 S.W.2d
313, 318 (Tex. Crim. App. 1985); Ford v. State, 794 S.W.2d 863, 866 (Tex. App.-El Paso 1990, pet. ref'd).

After reviewing the photo line-up, we hold the trial court did not err in allowing Castro's identification testimony to be
presented to the jury. Therefore, appellant's fourth point of error is overruled.

In his fifth point of error, appellant contends the trial court erred by admitting evidence of an extraneous offense. 
Specifically, appellant asserts the trial court improperly admitted evidence that he allegedly committed a burglary of Juan
Castro's vehicle four hours before the shooting in question.

Although appellant initially objected when Castro began to testify about the burglary of his vehicle, he failed to object each
time testimony was elicited about the burglary. To preserve error, it has been consistently held that one must object each
and every time inadmissible evidence is offered. Marin v. State, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), overruled
on other grounds, Matchett v. State, 941 S.W.2d 922, 928 (Tex. Crim. App. 1998). Because appellant did not object to all
references that were made regarding the burglary, we hold he did not preserve this issue for our review. We overrule
appellant's fifth point of error.

In his sixth point of error, appellant contends the trial court erred in overruling his objection to the State's jury argument. 
Specifically, appellant argues that the prosecutor's statement, "[appellant] did every single thing he could do to commit a
double murder," was improper.

Proper jury argument must fall within one of four categories: (1) summary of the evidence; (2) reasonable deduction from
the evidence; (3) in response to argument of opposing counsel; and (4) plea for law enforcement. Borjan v. State, 787
S.W.2d 53, 55 (Tex. Crim. App. 1990). "A prosecuting attorney is permitted in his argument to draw from the facts in
evidence all inferences which are reasonable, fair and legitimate, but he may not use the jury argument to get before the
jury, either directly or indirectly, evidence which is outside the record." Id. at 57; Jordan v. State, 646 S.W.2d 946, 948
(Tex. Crim. App. 1983). 

After reviewing the record, we conclude the prosecutor's statement was not improper. Appellant's sixth point of error is
overruled.

In his seventh point of error, appellant contends there was legally insufficient evidence to support his convictions for
aggravated assault with a deadly weapon.

In reviewing a legal sufficiency of the evidence claim, we view all the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). The jury,
as the sole judge of the credibility of the witnesses and the weight to be given their testimony, is free to accept or reject all
or any part of the testimony of any witness. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1981); Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986). A reviewing court may not substitute its conclusions for that of the jury, nor
may it interfere with the jury's resolution of conflicts in the evidence. Heiselbetz v. State, 906 S.W.2d 500, 504 (Tex. Crim.
App. 1995).

We hold the evidence is legally sufficient to support the jury's verdicts in cause numbers 13-00-182-CR and 13-00-183-CR
that appellant committed aggravated assault. Appellant's seventh point of error is overruled.

The judgments of the trial court in cause numbers 13-00-182-CR and 13-00-183-CR are affirmed.





FEDERICO G. HINOJOSA

Justice




Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the

31st day of August, 2001.