**AFFIRM; Opinion Filed June 24, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-12-00313-CR**

**No. 05-12-00314-CR**

_____

**COREY MITCHELL WARD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F11-26117-U and F11-26119-U**

## OPINION

Before Justices Bridges, FitzGerald, and Myers
Opinion by Justice Myers

Appellant Corey Mitchell Ward pleaded guilty to the felony offenses of evading arrest or detention with a vehicle[1] and unauthorized use of a motor vehicle.[2] A jury found appellant guilty of both offenses and assessed punishment of twenty years in prison and a $5,000 fine in the evading arrest or detention case and two years in state jail and a $5,000 fine in the unauthorized use of a motor vehicle case. In three issues, appellant contends the trial court erred by (1) denying his motion for mistrial, (2) admitting appellant's recorded statements, and (3) failing to make independent findings regarding the voluntariness of the recorded statements. We affirm.

---

[1] Trial court cause number F11-26117-U; appeal number 05-12-00313-CR.

[2] Trial court cause number F11-26119-U; appeal number 05-12-00314-CR.

## DISCUSSION

### *Motion for Mistrial*

In his first issue, appellant contends the trial court abused its discretion by overruling appellant's request for a mistrial after instructing the jury to disregard allegedly improper jury argument. The record shows that, after the close of the guilt/innocence phase of the trial,[3] evidence of appellant's criminal history was admitted. Among appellant's prior convictions was a 2007 conviction for delivery of a controlled substance. The complained-of arguments occurred as the prosecutor was referring to this conviction, and the relevant portion of the record reads as follows:

> [PROSECUTOR:] . . . . Think about the delivery of controlled substance, which he was convicted of on March 28, 2007, and received ten years' confinement in prison. Think about that. Do the math. March 18th, 2011.[4] So you know he was out an [sic] parole when he did this.
>
> [DEFENSE COUNSEL]: Your Honor, objection. That's going outside the scope—
>
> THE COURT: Sustained.
>
> [DEFENSE COUNSEL]: —of the evidence. Ask the jury disregard.
>
> THE COURT: Jury will disregard the statement. You can't consider it for any purpose.
>
> [DEFENSE COUNSEL]: Move for mistrial.
>
> THE COURT: Denied.
>
> [PROSECUTOR]: Do simple math. Do simple math.
>
> [DEFENSE COUNSEL]: Your Honor, I object again. That's exactly what he's referring to.
>
> THE COURT: Sustained.
>
> [DEFENSE COUNSEL]: Ask to disregard.

---

[3] Appellant pleaded guilty to evading arrest and unauthorized use of motor vehicle as charged in the indictments, but he pleaded not guilty to a third indictment that charged assault on a public servant. The jury returned a guilty verdict for a lesser-included offense, resisting arrest, which is not being appealed.

[4] March 18, 2011 is the date the two charged offenses were committed.

THE COURT:  Disregard.

[DEFENSE COUNSEL]:  Move for mistrial.

THE COURT:  Denied.

We review a trial court's ruling on a motion for mistrial for an abuse of discretion, and uphold the court's ruling if it was within the zone of reasonable disagreement. *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007).  A mistrial is appropriate only for highly prejudicial and incurable errors. *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003). "A mistrial is the trial court's remedy for improper conduct that is 'so prejudicial that expenditure of further time and expense would be wasteful and futile.'" *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004) (quoting *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)).  "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Hawkins*, 135 S.W.3d at 77.  In most instances, an instruction to disregard will cure the error even when the prosecutor argues facts outside the record or interjects his personal opinion. *See Wesbrook*, 29 S.W.3d at 115-16; *Martinez v. State*, 17 S.W.3d 677, 691 (Tex. Crim. App. 2000); *Guidry v. State*, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999).

Because the trial court in this case sustained appellant's objections and instructed the jury to disregard the arguments, "[t]he only adverse ruling—and thus the only occasion for making a mistake—was the trial court's denial of the motion for mistrial." *Hawkins*, 135 S.W.3d 72.  As a result, "the proper issue is whether the refusal to grant the mistrial was an abuse of discretion." *Id.* at 77.  To evaluate whether the trial court abused its discretion in denying a mistrial for improper jury argument, we balance three factors:  (1) the severity of the misconduct (prejudicial effect), (2) curative measures, and (3) the certainty of the punishment assessed absent the misconduct (likelihood of the same punishment being assessed). *Id.* (citing *Martinez*, 17 S.W.3d at 693-94).  "Mistrial is the appropriate remedy when . . . the objectionable events 'are so

–3–

emotionally inflammatory that curative instructions are not likely to prevent the jury from being unfairly prejudiced against the defendant.'" *Young v. State*, 137 S.W.3d 65, 71 (Tex. Crim. App. 2004).

Appellant has not shown an abuse its discretion. Even if we assume the prosecutor's comments were improper, the trial court did not abuse its discretion by overruling the motion for mistrial. First, the complained-of comments were brief, constituted only a small part of the State's argument, and were not repeated. We cannot say that any prejudice was so great as to render the timely curative instructions ineffective. Second, the court took curative measures by sustaining the objections and promptly instructing the jury to disregard the prosecutor's last comment. The law generally presumes an instruction to disregard and other cautionary instructions will be obeyed by the jury. *Archie v. State*, 340 S.W.3d 734, 741 (Tex. Crim. App 2011). The statements in question were not so indelible that the jury would ignore an instruction to disregard them.

Regarding the third factor, whether the punishments would have been the same absent the (allegedly) improper arguments, the nature of the offenses in this case involved a high speed automobile chase that went through red lights and stop signs, and reached speeds of over 100 miles per hour. The car in which appellant fled from the police belonged to an individual who testified he had never met appellant and had no idea who he was. Additionally, the record shows appellant had an extensive criminal history that spanned ten years. In a written stipulation of evidence that appellant entered into with the State, signed by appellant and counsel for both parties, appellant agreed and stipulated that he had been previously convicted of the felony offenses of delivery of a controlled substance, for which he received ten years' imprisonment and a fine of $1000, and taking a weapon from a police officer, for which he received 365 days in the county jail. He also stipulated that he had previous convictions for the following

misdemeanor offenses: three convictions for criminal trespass and convictions for resisting arrest, failure to ID while a fugitive from justice, and display of a false driver's license. In addition, appellant stipulated that he was placed on deferred adjudication probation for three months and fined $100 for the misdemeanor offense of assault family violence. Given this evidence, we cannot conclude the prosecutor's remarks contributed to the punishments assessed. Under the facts of this case, therefore, the trial court did not abuse its discretion by denying the motion for mistrial. We overrule appellant's first issue.

### *Appellant's Recorded Statements*

In his second issue, appellant argues the trial court erred by admitting into evidence recorded statements he made while in the custody of police because he had not been advised of his rights under *Miranda* and article 38.22 of the code of criminal procedure at the time he made those statements.

A ruling admitting or excluding evidence is subject to an abuse of discretion review. *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007). Under the abuse of discretion standard, we must uphold the trial court's ruling so long as it is within the zone of reasonable disagreement. *Rabbins v. State*, 88 S.W.3d 256, 260 (Tex. Crim. App. 2002); *Khoshayand v. State*, 179 S.W.3d 779, 783 (Tex. App.—Dallas 2005, no pet.).

Article 38.22 of the Texas Code of Criminal Procedure governs admissibility of statements made by a defendant during custodial interrogation in a criminal proceeding. TEX. CODE CRIM. PROC. ANN. art. 38.22. "The warnings provided in Section 2(a) of Article 38.22 are virtually identical to the *Miranda* warnings, with one exception—the warning that an accused 'has the right to terminate the interview at any time' as set out in Section 2(a)(5) is not required by *Miranda*." *Herrera v. State*, 241 S.W.3d 520, 526 (Tex. Crim. App. 2007). "As with the *Miranda* warnings, the warnings in Section 2(a) of Article 38 .22 are required only when there is

–5–

custodial interrogation." *Id.* "Our construction of 'custody' for purposes of Article 38.22 is consistent with the meaning of 'custody' for purposes of *Miranda*." *Id.*

The record in this case shows that two different dashboard-mounted cameras recorded the car chase that preceded appellant's arrest: the camera from Garland police officer Matthew St. Clair's squad car and the camera from a Garland police cruiser driven by Officer H. Sneed. The recordings were placed on a DVD that contains two titles, one for each camera. The recording from St. Clair's camera is labeled "Title 1" and the recording from Sneed's camera is labeled "Title 2." According to the second video recording, "Title 2," once the chase ends, a dark empty suburban street is seen on the video and frantic voices are heard off camera. Appellant is eventually seen being escorted away from the scene in handcuffs by a police officer, at which point the recording ends.

Early in the trial, the trial court held an evidentiary hearing to determine the admissibility of the in-car video. Both St. Clair and Sneed testified at the hearing. The only objection from defense counsel was a hearsay objection to the statements made in the audio portion of the DVD by the officers at the crime scene, shortly after the car chase. Defense counsel stated that he had no objection to the "actual video portion" of the DVD. But he complained that, because of the poor quality of the audio and the challenge of discerning the officers to whom the multiple voices belonged (counsel complained the audio was "muffled" and "very difficult to hear"), it would be difficult to cross-examine the officers regarding their recorded statements. At one point while listening to the audio, the trial court stated, "I can't understand that."

While addressing the defense's hearsay objection, the trial court established that all of the officers whose voices were heard in the recording, with the exception of one officer, were available to testify. The trial court agreed with the State's position that the present-sense-impression and excited-utterance exceptions to the hearsay rule applied to the statements of the

officers that can be heard on the DVD.  *See* TEX. R. EVID. 803(1), 803(2).  During the discussion, the court asked defense counsel if he had requested a transcript of the DVD.  Defense counsel answered, "No, Your Honor."  The trial court replied, "You could have taken this up, though, and I could have made them get a transcript."  The trial court ruled the DVD video would be admitted but there would be "[n]o audio at this point," after which the trial court established limits for how the parties could question the officers regarding statements they made at the scene.

Issues pertaining to appellant's statements to the officers arose later during Sneed's direct examination.  Sneed testified that after taking appellant into custody following the car chase, he asked appellant:  "What are you doing?  You're going to get us killed.  What are you doing?"  When the prosecutor asked about appellant's response, defense counsel asserted an article 38.22 objection and the trial court sustained the objection.  According to the record, the jury never heard Sneed's testimony as to what appellant said in response to the officer's questions.

The issue was brought up again during the direct examination of Officer Patrick Tuter, who testified that he asked appellant if he had "lost his freaking mind."  When the prosecutor asked what appellant said in response, defense counsel asserted an article 38.22 objection and the trial court sustained the objection.  According again to the reporter's record, the jury did not hear Tuter's testimony regarding what appellant said in response to the officer's question.

The prosecutor subsequently asked Tuter whether appellant volunteered any statements as he transported appellant to jail.  Tuter replied, "Yes, he [did]."  The prosecutor asked what appellant said.  Without objection from the defense, Tuter answered, "First thing that he said to me was, 'I was not driving.'" The State's co-counsel interrupted at that point and asked if the attorneys could approach the bench.  Following an off-the-record discussion, the trial court said,

"Okay," and the prosecutor continued questioning Tuter regarding appellant's statements. The record then reads as follows:

> Q. [PROSECUTOR:] Officer Tuter, so that we're clear, you weren't asking him—you weren't asking him any questions about whether or not he was driving; he just volunteered that to you, correct?
>
> A. [TUTER:] That is correct.
>
> Q. To the best of your knowledge, what exactly did he say?
>
> A. As I was walking him to the squad car he just said, I wasn't driving. You've got the wrong guy.

The admissibility of the audio portion of the DVD arose yet again after all of the officers had testified. The State recalled Sneed to the stand and, during the officer's direct examination, asked for permission to publish the DVD audio. The trial court reminded the prosecutor that the DVD had already been admitted. Defense counsel objected based on hearsay and argued the proper predicate for the excited-utterance exception to the hearsay rule had not been established. The trial court overruled the objection and admitted the DVD "for all purposes." As the audio on the DVD was played in open court, defense counsel asserted: "Your Honor, once again, I'll object to the custodial interrogation. He's in custody being asked questions." The trial court stopped the audio recording and held an off-the-record discussion. After the off-the-record discussion, the trial court stated, "Move on," and the proceedings continued with the prosecutor questioning Sneed regarding statements he made at the crime scene. There is no indication in the record that the DVD audio was ever turned back on.

Appellant suggests that, by permitting Tuter to testify regarding statements made by appellant, the trial court effectively reversed its earlier rulings and admitted testimony that should have been excluded. But it is well-settled that voluntary statements not made in response to police interrogation are admissible. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 5; *Cantu v. State*, 817 S.W.2d 74, 76 (Tex. Crim. App. 1991); *Galloway v. State*, 778 S.W.2d 110, 112 (Tex.

–8–

Crim. App. 1989); *Ruth v. State*, 167 S.W.3d 560, 570-71 (Tex. App.—Houston [14th Dist.] 2005, pet. ref d). This is true regardless of whether the defendant was in custody. *See, e.g., Smith v. State*, 949 S.W.2d 333, 338-39 (Tex. App.—Tyler 1996, pet. ref'd); *Higgins v. State*, 924 S.W.2d 739, 743-45 (Tex. App.—Texarkana 1996, pet. ref'd); *DeLeon v. State*, 758 S.W.2d 621, 624-25 (Tex. App.—Houston [14th Dist.] 1988, no pet.); *Wiley v. State*, 699 S.W.2d 637, 638-39 (Tex. App.—San Antonio 1985, pet. ref'd, untimely filed). Tuter testified that appellant volunteered the statements that he was not driving the car and that they had the "wrong guy." Therefore, to the extent appellant is challenging the admissibility of those statements, we cannot conclude the trial court abused its discretion.

Appellant also argues his statements were not volunteered. He contends his statements were made in response to Tuter's question as to whether he had lost his mind, and that the audio from the in-car video cameras shows the statements were also made in response to other inquiries from officers such as "what's wrong with you?" and "what were you thinking?"

The record, however, does not support appellant's contention. Tuter's testimony was that appellant's statements were volunteered, and the record before us does not show that appellant's statements were made in response to any question or questions from the police officers. Furthermore, the DVD audio is difficult to understand, there is no transcript of what was said, and it is not at all clear from the record what, if anything, the jury actually heard from the DVD audio before the trial court ordered it stopped.

Appellant must present a record showing error requiring reversal. *See Amador v. State*, 221 S.W.3d 666, 675 (Tex. Crim. App. 2007) ("It was, however, appellant's burden to bring forward a record on appeal sufficient to show that the trial court erred in his ruling on the motion to suppress."); *Word v. State*, 206 S.W.3d 646, 651–52 (Tex. Crim. App. 2006) ("It is usually the appealing party's burden to present a record showing properly preserved, reversible error.");

*Guajardo v. State*, 109 S.W.3d 456, 462 n.17 (Tex. Crim. App. 2003) ("It is, however, the appealing party's burden to ensure that the record on appeal is sufficient to resolve the issue he presents."). The record on appeal is not sufficiently developed for us to address appellant's complaint. We overrule appellant's second point of error.

### *Findings and Conclusions Regarding Voluntariness*

In his third issue, appellant argues the trial court erred by failing to make an independent finding regarding the voluntariness of appellant's custodial statements.

Trial courts are required to make written findings when a question is raised regarding the voluntariness of an accused's confession. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 § 6. Article 38.22, section 6 provides in part:

> In all cases where a question is raised as to the voluntariness of a statement of an accused, the court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions. If the statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause.

*Id*. Under court of criminal appeals precedent, section 6 of article 38.22 applies to both an accused's custodial and non-custodial statements. *Oursbourn v. State*, 259 S.W.3d 159, 171 (Tex. Crim. App. 2008); *State v. Terrazas*, 4 S.W.3d 720, 727 (Tex. Crim. App. 1999). "A trial court satisfies the requirements of Article 38.22 when it dictates its findings and conclusions to the court reporter," and the findings and conclusions are transcribed, filed with the district clerk, and included in the appellate record. *Murphy v. State*, 112 S.W.3d 592, 601 (Tex. Crim. App. 2003).

As we discussed previously, the record in this case suggests the trial court found appellant's recorded statements to be inadmissible. Following defense counsel's "custodial interrogation" objection, the trial court immediately ordered the audio recording stopped and

–10–

held an off-the-record discussion. Upon returning to the record, there were no further questions regarding statements made by appellant and there is no indication the audio was turned back on. The off-the-record discussion took place after favorable rulings to the defense on similar objections during the testimony of Sneed and Tuter. Appellant, however, points out that the contents of the bench conference are not reflected in the record and that the trial court did not make any article 38.22-based findings, either oral or written.

But even if we assume the trial court should have made such findings, a party's right to findings and conclusions under article 38.22 is forfeited by that party's failure to insist upon implementation. *See Terrazas*, 4 S.W.3d at 728 ("The 'right' to findings and conclusions is a statutory 'right' which is forfeited by a party's failure to insist upon its implementation."); *Mar v. State*, No. 13-08-00731-CR, 2011 WL 61834, at *9 (Tex. App.—Corpus Christi, Jan. 6, 2011, no pet.) (mem op., not designated for publication) (record did not contain any request from appellant that court make findings or an objection that court issue written findings on motion to suppress); *Mbye v. State*, No. 05-00-00518-CR, 2001 WL 462486, at *5 (Tex. App.—Dallas May 3, 2001, no pet.) (not designated for publication) (appellant failed to preserve error by not objecting or complaining to trial court about absence of findings and conclusions under section 6 of article 38.22).

The record in this case is devoid of any objection or request to the trial court concerning the absence of findings and conclusions under section 6 of article 38.22. At no point did appellant request the trial court to make findings or object that the trial court had failed to issue findings. We conclude appellant failed to preserve error by neither objecting nor complaining to the trial court about the absence of findings of fact and conclusions of law. *See Terrazas*, 4 S.W.3d at 728. We overrule appellant's third issue.

We affirm the trial court's judgment.

Lana Myers
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120313F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

COREY MITCHELL WARD, Appellant

No. 05-12-00313-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F11-26117-U.
Opinion delivered by Justice Myers.
Justices Bridges and FitzGerald participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 24th day of June, 2013.

    /Lana Myers/
    LANA MYERS
    JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

COREY MITCHELL WARD, Appellant

No. 05-12-00314-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F11-26119-U.
Opinion delivered by Justice Myers.
Justices Bridges and FitzGerald
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 24th day of June, 2013.

/Lana Myers/
LANA MYERS
JUSTICE